MIXON *et al. v.* GREEN.

(Division A. Jan. 15, 1940. Suggestion of Error Overruled Feb. 12, 1940.)

[193 So. 8. No. 33909.]

**H. D. Young**, of New Augusta, and **R. E. Spivey, Jr.**, of New Orleans, La., for appellants.

**Dale & Koonce**, of Hattiesburg, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee Green brought this action of replevin in the Circuit Court of Perry County against appellants Mixon and England, officers and agents of the Hattiesburg Production Credit Association, to recover six tons of tung oil nuts. The trial was had by agreement before the circuit judge acting as judge and jury, resulting in a judgment in favor of appellee. From that judgment, appellants prosecute this appeal.

Appellee owned the land, sixty-five acres, on which the nuts were grown. His tenant on the land for 1938 was one Dallas. Dallas gave a deed of trust to secure advances made him by the credit association to enable him to cultivate the land. Such advances were secured by a deed of trust on the crops to be produced. Appellants, for the credit association, claimed that the nuts were covered by the deed of trust. Appellee claimed they were not and therefore belonged to him.

The evidence is undisputed. Therefore, there is only a question of law to be determined. Appellee owned sixty-five acres of land. He rented it to Dallas for the year 1938. Dallas agreed to cultivate it in cotton, corn, peas and other crops usually raised on lands in that section. On the land were tung trees, some four and some five years old. Appellee agreed to furnish Dallas with a home on the land, together with plow, tools and mules with which to cultivate it. Dallas was to have all the crops he raised on the land. He agreed to spray, prune and gather the tung nuts, all of which were to be the property alone of appellee—Dallas was to have no part of them. In cultivating the land in the usual crops, the evidence showed that thereby the tung trees were automatically cultivated. More briefly, the arrangement was this. Dallas was to have all the crops he raised on the

place, except the tung nuts, which were to be the property alone of appellee.

The property covered by the deed of trust is therein described as follows: "all crops of cotton, corn, truck and other agricultural products growing or to be grown by Grantor and by anyone for him, or in which he may have any interest, and produced during the year 1938." At the time of the execution of the deed of trust, appellee, at the request of the credit association, executed a written waiver of any interest he had in the property conveyed by it. However, at the time and before the excution of the deed of trust, appellee notified the credit association, both orally and in writing, that the tung nuts belonged to him—that Dallas had no interest therein, and by the waiver he was not consenting that they should be covered by the deed of trust. Appellants objected to evidence to that effect upon the ground that, by its plain terms, the deed of trust covered tung nuts as well as other crops produced, and, therefore, under the law, parol evidence was inadmissible to vary or change such terms in any substantial manner.

It will be observed that in the deed of trust tung nuts are not conveyed in so many words. But, appellants' contention is that the language "other agricultural products" sufficiently described them. It is a matter of common knowledge, of which the Court will take judicial notice, that generally "agricultural products" in this State are understood to mean cotton, corn, potatoes, peas, hay, and other usual crops planted and harvested during the calendar year. We are of opinion therefore that the deed of trust is not so definite as to exclude parol evidence of what was meant by "agricultural products." In order to constitute an estoppel, the writing claimed to operate as such should be clear and unambiguous. 21 C. J. 1090, Sec. 69; 21 C. J. 1102, Sec. 97; 19 Am. Jur. 625, Sec. 27. Wood v. Pace, 164 Miss. 187, 143 So 471, we think is entirely without point.

We conclude therefore there was no error in the admission of parol evidence that the understanding was that the deed of trust was not to cover the tung nuts.

Affirmed.